## MORSS v. DOMESTIC SEWING-MACH. CO.

(Circuit Court of Appeals, First Circuit. April 13, 1893.)

### No. 12.

PATENTS FOR INVENTIONS—INFRINGEMENTS—EQUIVALENTS—DRESS FORMS.

Claim 1 of letters patent No. 233,239, issued October 12, 1880, to John Hall, for an improvement in dress forms, whereby they may be made more readily adjustable to the varying styles and sizes of dresses, was for "the combination with ribs, c, of the springs, h, each pair of springs having their upper ends secured to a single rib, substantially as and for the purpose specified." The specifications show the ribs to be divided into sections, with the two springs attached to the upper section, and spreading downward to the adjoining ribs, and expressly disclaim as new the stretchers, blocks, rests, and band, and their operation to expand and contract the dress form at pleasure. *Held*, that the patent was limited to the specific device, and that the equivalent thereof was not contained in the patent of November 29, 1887, to William H. Knapp, having double ribs composed of a single U-shaped wire, extending in an unbroken piece their entire length, and rigidly attached to a segmented waistband. 48 Fed. Rep. 113, affirmed.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

In Equity. This was a suit by Charles A. Morss against the Domestic Sewing-Machine Company for the infringement of letters patent No. 233,239, granted to John Hall, October 12, 1880, for a new and useful improvement in dress forms. The circuit court dismissed the bill, its opinion, which is adopted by the circuit court of appeals, being reported in 48 Fed. Rep. 113. Complainant appealed. Affirmed.

Payson E. Tucker and Charles F. Perkins, for appellant.
John Dane, Jr., for appellee.

Before PUTNAM, Circuit Judge, and NELSON and WEBB, District Judges.

NELSON, District Judge. We are satisfied that the learned circuit judge who decided this case in the court below was right, for the reasons stated in his opinion, in holding that the ribs in the defendant's dress form, which are constructed according to the Knapp patent, and are composed of a single wire in such manner as to form a double rib, U-shaped at the lower ends, and extending in an unbroken piece the entire length, and supported in position by being rigidly attached to a waist band divided into segments, can in no sense be held to be an equivalent for the combination of ribs and springs described in the first claim of the plaintiff's patent. Decree affirmed.